**FROM: The District Court of the 1st Judicial District.**
**County of Lewis & Clark.**

STATE OF MONTANA,
　　　　　　　　Plaintiff,　　　　　　　　　　　　　　NO. CDC 95-43
vs.　　　　　　　　　　　　　　　　　　　　　　　DECISION
Roberta L. Murphy,
　　　　　　　　Defendant.

On April 11, 1995, it was ordered that for the offense of Count I - Forgery (Common Scheme), a felony, the defendant is sentenced to twenty (20) years at the Women's Correctional System, with all of that time suspended, upon the conditions set forth in the April 11, 1995 judgment. It is further ordered that for the offense of Count II - Issuing a Bad Check, a felony, the defendant is sentenced to ten (10) years at the Women's Correctional System, with two (2) years suspended, upon the conditions set forth in the April 11, 1995 judgment. The sentences shall run consecutively with each other and are conditioned as stated in the April 11, 1995 judgment. The defendant shall pay full restitution, plus an administrative handling fee, through the Court's Restitution Officer on a schedule which she shall arrange with the Officer, in an amount to be determined by the Officer. Restitution shall include all checks written on Noel's checking account and all insufficient fund checks written on her checking account, including, but not limited to, checks written to Kathryn Knudson and Don Gama. The defendant shall advise the Officer of any factors which may affect her ability to pay restitution or the Officer's ability to contact her. The State shall present to the defendant and the Restitution officer other unauthorized expenses incurred by the defendant for inclusion in the defendant's financial obligation. Upon request, a hearing may be held should the defendant contest the amount determined or inclusion of those obligations. The defendant shall not maintain a checking account nor may she be an authorized signator on a checking account. The defendant shall not own a credit card. The defendant shall pay the mandatory surcharge of $20 for each felony offense, pursuant to Section 46-18-236, MCA, for a total of $40. The defendant is granted 32 days' credit for time served prior to sentencing.

On August 4, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence

Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence remain the same as originally imposed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Done in open Court this 4th day of August, 1995.

DATED this 17th day of August, 1995.

**Hon. Ed McLean, Chairman, Hon. Ted O. Lympus, Member, Hon. Robert Boyd, Alternate Member.**

The Sentence Review Board wishes to thank Roberta Murphy for representing herself in this matter.